IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 29 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| RAUL RANGEL, | § | |
| Movant, | § § § | |
| VS. | § § | NO. 4:19-CV-266-A (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Raul Rangel ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, the reply,[1] and pertinent parts of the record in Case No. 4:16-CR-132-A, styled "United States of America v. Charles Ben Bounds, et al.," the court has concluded that the motion should be denied.

I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On May 18, 2016, movant was named in a superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing

---

[1] Along with his reply, movant has filed a motion to supplement the record with the affidavit of his cousin, Juan Rangel. The court is granting the motion.

a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.² 215. On June 22, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 312. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 313. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 1282.

---

²The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

The probation officer prepared the PSR, which reflected that movant's base offense level was 38. CR Doc. 709, ¶28. Movant received two-level increases for possession of a firearm, id. ¶ 29, and for maintaining a premises for manufacturing or distributing a controlled substance, id. ¶ 30. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 36, 37. Based on a total offense level of 39 and a criminal history category of VI, movant's guideline imprisonment range was 360 months to life. Id. ¶ 118. However, the statutory maximum sentence was 40 years, so the applicable guideline range became 360 to 480 months. Id.

Movant filed objections to the PSR. CR Doc. 718. The probation officer prepared an addendum to the PSR, which accepted in part and rejected in part movant's objections. CR Doc. 802. On November 23, 2016, movant appeared for sentencing. CR Doc. 843. Movant persisted in his objections to the PSR that the 150 kilograms of methamphetamine attributed to him was not reasonable. CR Doc. 1283 at 4-5. He presented testimony in support of the objections and the court determined that movant should only be held accountable for one 5-gallon bucket full of methamphetamine instead of 30 buckets, i.e., 5 kilograms instead of 150 kilograms of methamphetamine. Id. at 17-18. As a result, movant's base offense level became 34 and his guideline range was

3

292 to 365 months. Id. 18-19. The court sentenced movant to a term of imprisonment of 365 months. CR Doc. 846. Movant appealed, CR Doc. 850, and his sentence was affirmed. United States v. Rangel, 705 F. App'x 277 (5th Cir. 2017). His petition for writ of certiorari was denied. Rangel v. United States, 138 S. Ct. 1338 (2018).

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion, worded as follows:

> **GROUND ONE:** Movant received ineffective assistance of counsel when his attorney failed to adequately challenge Michael Hoffman's credibility regarding his statement to federal authorities about 5-gallon buckets of methamphetamine allegedly shown to Hoffman by movant.

Doc.[3] 1 at 4.

> **GROUND TWO:** Movant received ineffective assistance of counsel when his attorney failed to object to a sentencing guidelines 2-point enhancement (§ 2D1.1(b)(12)) for maintaining a premises for distributing drugs.

Id. at 5.

---

[3]The "Doc. __" reference is to the number of the item on the docket in this civil action.

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his PSR, movant was held accountable for 150 kilograms of methamphetamine, based on the statement of Michael Hoffman[4], another participant in drug-dealing with movant, that movant took Hoffman to a house where there were 5-gallon buckets full of methamphetamine and told Hoffman, "This is what we're working with." CR Doc. 709, ¶ 8.

In his memorandum in support of the motion, movant recites that his counsel called him to testify at sentencing and also called DEA Agent McCurdy. Doc. 2 at 3. Movant testified that he never met Hoffman to show him a room full of 5-gallon buckets of methamphetamine. And, McCurdy testified that, of the conspirators, only Hoffman reported seeing 5-gallon buckets of

---

[4]The PSR spells the name "Hofman." Movant spells it "Hoffman." The court uses movant's spelling.

7

methamphetamine. Id. On cross-examination, McCurdy testified that Hoffman had given reliable information, consistent with that provided by other codefendants. CR Doc. 1283 at 8. After hearing the evidence and considering the PSR, the court said it was satisfied that Hoffman did see some buckets and that one of them was full of large shards of crystallized methamphetamine. The court determined that movant should be held accountable for one bucket rather than 30 buckets. Id. at 17-18. When asked if the ruling took care of the objection, movant's attorney responded that he did not like it, but it took care of the objection. Id. at 17.

Movant admits that his attorney covered in the objections to the PSR most of the arguments movant now makes. Doc. 2 at 8. Still, he argues that his counsel should have attacked Hoffman's statement by tracking down the other individual allegedly present at the stash house, movant's cousin, Juan Rangel. He says that had counsel done this

> he would have quickly discovered that Juan Rangel did not know Hoffman, and any claim of a meeting between Movant, Juan Rangel, and Hoffman at any location was simply not true. Counsel could have then presented the testimony of Juan Rangel at the sentencing hearing to refute Hoffman's story.

Id. Second, movant alleges that his counsel could and should have investigated the alleged stash house to determine what the

8

DEA agents had learned about it. Id. He says that a government investigation would have shown who owned the house and who might have had access to it. On the other hand, if the government failed to investigate the house, it had to mean that it discounted Hoffman's statement and "would have discarded Hoffman's statement entirely" if pressed by movant's counsel. Id. at 9. In sum, an investigation by counsel would have convinced the court almost to a certainty that Hoffman's story was incredible. Id. at 10.

When a movant alleges his attorney was ineffective for failing to interview witnesses or to investigate a case, he must allege with specificity what exculpatory evidence the attorney would have discovered. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). He must show how the evidence would have been material and beneficial to his defense. Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994). Here, movant has not pointed to specific evidence that could and would have been discovered and that would have changed the outcome. He merely speculates as to what might have been pursued and what might have been learned. He has no quarrel with counsel's objections, evidence presented, or arguments. He just thinks they could have been beefed up a little. Of course, it will always be true that counsel could have done more. See Freeman v. Stephens, 614 F. App'x 180, 186 (5th

Cir. 2015). Based on the PSR and the evidence presented, movant has not shown any reason to believe that he could have achieved a greater sentence reduction than he received. Rather, it appears that he was fortunate not to have been held accountable for ice instead of plain methamphetamine.

With regard to the "affidavit" of Juan Rangel, Jr. ("Juan"), the court notes that the document nowhere states that the information contained therein is true and correct of Juan's personal knowledge. In any event, Juan does not state that he could and would have testified at movant's sentencing. See Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009)(movant must show that the witness was available to testify and would have done so). Here, movant acknowledges that Juan was in custody during the time movant was preparing his § 2255 motion. He can only speculate that Juan might have testified. Given Juan's apparent status as a felon, his credibility might reasonably be questioned. In sum, movant has not shown that the outcome would have been different had Juan testified at the sentencing hearing.

In his second ground, movant argues that he received ineffective assistance of counsel because his attorney failed to object to the two-point enhancement for maintaining a drug premises. He argues that use of the room he rented for selling small quantities of methamphetamine was merely incidental. Doc. 2

at 11-12. He overlooks that he not only conducted drug transactions there, he used the premises to keep drugs, drug ledgers, firearms, and drug paraphernalia. CR Doc. 709, ¶¶ 17-21. The evidence supports the enhancement. See United States v. Lopez, 750 F. App'x 349, 352 (5th Cir. 2018); United States v. Acosta, 619 F. App'x 403, 404 (5th Cir. 2015). Movant's attorney was not ineffective for failing to raise a meritless objection. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

V.

Order

The court ORDERS that movant's motion to supplement be, and is hereby, granted.

The court further ORDERS that all relief sought by movant in his motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED May 29, 2019.

_____
JOHN McBRYDE
United States District Judge